UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELISEO BADILLO,

     Plaintiff,

v.                                  Case No:  6:17-cv-219-Orl-40KRS

LIBERTY MUTUAL INSURANCE
COMPANY and SAFECO INSURANCE
COMPANY OF ILLINOIS,

     Defendants.

_____

## ORDER

This cause comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. 5), filed February 15, 2017.  On March 6, 2017, Plaintiff responded in opposition.  (Doc. 12).  Upon consideration, the Court will grant in part and deny in part Defendants' Motion to Dismiss.

## I.    BACKGROUND[1]

In February 2004, Plaintiff, Eliseo Badillo ("Badillo"), began working for Defendant, Liberty Mutual Insurance Company ("Liberty Mutual"), as a Sales Representative. (Compl. ¶ 12).  In this position, Badillo sold Liberty Mutual's insurance policies over the telephone to the general public.  (*Id.* ¶ 13).  Defendant, Safeco Insurance Company of Illinois ("Safeco"), became Badillo's employer in 2012, although Liberty Mutual continued to provide human resources services.  (*Id.* ¶¶ 5, 22).

---

[1]  This account of the facts is taken from Plaintiff's Complaint (Doc. 2), the factual allegations of which the Court accepts as true when considering Defendants' Motion to Dismiss.  *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992).

In 2005, Badillo was diagnosed with multiple sclerosis ("MS"). (*Id.* ¶ 16). "MS is a chronic autoimmune disease of the central nervous system" that produces "various neurologic symptoms" throughout the body, requiring continued medical treatment. (*Id.* ¶ 17). "MS is often characterized by a pattern of exacerbation and remission—in other words, the symptoms come[] and go[], also characterized as 'flare-ups.'" (*Id.*). During a flare-up, Badillo experiences fatigue, muscle weakness, impaired memory, and impaired movement. (*Id.* ¶ 18).

Badillo informed Liberty Mutual about his disease shortly after his diagnosis, and Badillo sought and took medical leave under the Family and Medical Leave Act ("FMLA") a few days each month during flare-ups. (*Id.* ¶ 20). As his symptoms worsened over time, Badillo took more leave under the FMLA. (*Id.* ¶ 21). Liberty Mutual ultimately demoted Badillo and reduced his salary in 2010, (*id.*), and Badillo claims that Defendants failed to provide reasonable accommodations as requested, (*id.* ¶ 43). Badillo believes that Defendants took these actions because of his disease and exercise of FMLA leave. (*Id.* ¶ 21).

Badillo initiated this lawsuit in state court on January 8, 2017, and Defendants subsequently removed. Badillo asserts three counts in his Complaint. In Count I, Badillo alleges that Defendants violated the Florida Civil Rights Act ("FCRA") by discriminating against him due to his disease. In Count II, Badillo alleges that Defendants violated the FCRA by failing to provide a reasonable accommodation. In Count III, Badillo alleges that Defendants violated the FCRA by retaliating against him for engaging in statutorily protected activity. Defendants now move to dismiss Badillo's claims pursuant to Federal

Rule of Civil Procedure 12(b)(6).[2]

## II.    STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint.  In order to survive the motion, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face when the plaintiff alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The mere recitation of the elements of a claim is not enough, and the district court need not give any credence to legal conclusions that are unsupported by sufficient factual material.  *Id.*  District courts must accept all well-pleaded allegations within the complaint and any documents attached thereto as true and must read the complaint in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam).

## III.    DISCUSSION

Defendants raise five issues in their Motion to Dismiss, which the Court addresses in turn.

### A.    Whether Badillo's Complaint is a "Shotgun" Pleading

First, Defendants challenge the Complaint as an impermissible "shotgun" pleading. In *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit outlined four types of "shotgun" complaints which require dismissal:

---

[2]    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  Badillo is a Florida citizen, Liberty Mutual is a Massachusetts corporation with its principal place of business located in Massachusetts, Safeco is an Illinois corporation with its principal place of business located in Illinois, and the amount in controversy exceeds the jurisdictional threshold.

The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321–23 (footnotes omitted). All four categories of "shotgun" complaints are deficient because "they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (footnote omitted); *see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Upon review, the Court finds that Badillo's Complaint does not suffer from any of the "sins" identified in *Weiland* and that Defendants have sufficient notice of what is alleged against them. The Court will therefore not dismiss the Complaint as a "shotgun" pleading.

**B.     Whether Count I States a Claim for Disability Discrimination**

Second, Defendants contend that Badillo fails to state a claim for disability discrimination. Defendants specifically argue that Badillo failed to exhaust his administrative remedies prior to bringing the claim.

In order for a plaintiff to exhaust his administrative remedies so as to be able to bring a lawsuit alleging that his employer violated the FCRA, the plaintiff "must file a complaint with the Florida Commission on Human Relations ('Commission') within 365

days of the alleged violation." *Sheridan v. State, Dep't of Health*, 182 So. 3d 787, 789 (Fla. Dist. Ct. App. 2016). If the Commission finds in the plaintiff's favor or "fails to conciliate or determine" whether a violation occurred within the statutory timeframe, the plaintiff may then initiate a civil lawsuit. *Id.* at 790 (quoting Fla. Stat. § 760.11(8)).

However, a plaintiff's civil lawsuit must be limited to those claims he submitted to the Commission. "Thus, while judicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the [administrative] complaint, . . . allegations of new acts of discrimination are inappropriate." *Sunbeam Television Corp. v. Mitzel*, 83 So. 3d 865, 874 (Fla. Dist. Ct. App. 2012) (quoting *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279–80 (11th Cir. 2004) (per curiam)) (internal quotation marks omitted); *see also Gatson v. Home Depot USA*, 129 F. Supp. 2d 1355, 1365 (S.D. Fla. 2001) ("Absent some allegation of fact that put the defendant on notice of the nature and scope of the claim against it, the plaintiff is barred from asserting other types of claims in subsequent judicial proceedings that may bear some connection, however distinct, to the bare claim asserted in the [administrative complaint]."). Indeed, the entire purpose of the Commission would be defeated if a plaintiff were permitted to pursue claims in a judicial setting that were different from those he submitted for the Commission's review. *Sunbeam Television*, 83 So. 3d at 874.

Here, Defendants move to dismiss Count I to the extent Badillo asserts a claim of disability discrimination which he did not include in his administrative complaint to the Commission. Specifically, Defendants move to dismiss Badillo's claim that Defendants discriminated against him by forcing him to take medical leave in January 2015. Upon review of Badillo's administrative complaint, Defendants' argument is well-taken. While

the administrative complaint identifies several ways in which Defendants allegedly discriminated against Badillo, forcing Badillo to take medical leave is not among them. Nor can it be said that Badillo's new theory of disability discrimination "amplif[ies], clarif[ies], or more clearly focus[es]" the theories raised in his administrative complaint. *Id.* Rather, Badillo's claim that Defendants discriminated against him by forcing him to take medical leave is an entirely new claim for which Badillo has not exhausted his administrative remedies. Count I will accordingly be dismissed in part.

### C. Whether Count II States a Claim for Failure to Provide Reasonable Accommodation

Third, Defendants contend that Badillo fails to state a claim for failure to provide a reasonable accommodation. To state a claim for disability discrimination based on the failure to provide a reasonable accommodation, a plaintiff must establish three elements: (1) he is disabled, (2) he is a qualified individual, and (3) he was discriminated against due to the defendant's failure to provide a reasonable accommodation. *See J.A.M. v. Nova SE Univ., Inc.*, No. 0:15-cv-60248-KMM, 2015 WL 4751149, at *4 (S.D. Fla. Aug. 12, 2015). Defendants essentially argue that Badillo fails to identify a specific accommodation he requested and that Defendants could have been provided.

At this stage of the proceedings, however, the Court finds that Badillo alleges sufficient facts demonstrating that Defendants discriminated against him by failing to provide a reasonable accommodation. Badillo states that he asked Liberty Mutual to establish a consistent five-day work schedule that would lessen the possibility of MS-related flare-ups, transfer him from his sales position to a consumer representative position, or adjust his sales goals so that he would not be punished for taking medical leave under the FMLA. (Compl. ¶ 43). However, Defendants did not grant Badillo's

requests, but instead disciplined him for not achieving his sales quotas. (*Id.* ¶¶ 48, 51, 53–54, 56). From these allegations, the Court can reasonable infer that Defendants discriminated against Badillo by failing to provide a reasonable accommodation for his disability, thus stating a claim for relief.

### D. Whether Count II Should be Dismissed as Duplicative of Count I

Fourth, Defendants move to dismiss Count II as duplicative of Count I. "However, motions to dismiss made under Rule 12(b)(6) only test the validity of a claim, not its redundancy; a redundant claim should not be dismissed as long as it is valid." *Wichael v. Wal-Mart Stores E., LP*, No. 6:14-cv-579-Orl-40DAB, 2014 WL 5502442, at *2 (M.D. Fla. Oct. 30, 2014). Since the Court has found that Count II states a claim for relief in its own right, the Court will not dismiss Count II to the extent it might be duplicative or redundant of Count I.

### E. Whether Count III States a Claim for Retaliation

Finally, Defendants submit that Badillo fails to state a claim for retaliation. Defendants contend that the Complaint fails to allege sufficient facts demonstrating retaliation and that Badillo failed to exhaust his administrative remedies with respect to his allegation that Defendants forced him to take medical leave in January 2015.

As for Defendants' first argument, to state a claim for retaliation under the FCRA, a plaintiff must establish three elements: (1) he engaged in statutorily protected activity, (2) he suffered an adverse employment action, and (3) a causal link exists between the statutorily protected activity and the adverse employment action. *Carter v. Health Mgmt. Assocs.*, 989 So. 2d 1258, 1263 (Fla. Dist. Ct. App. 2008). Defendants assert that Badillo

fails to particularly describe the statutorily protected activity he engaged in and fails to provide the date(s) when he engaged in the activity.

Again, however, Badillo's retaliation claim is sufficient at this stage of the proceedings. Badillo alleges that he requested various accommodations that would allow him to perform his job. (Compl. ¶¶ 62, 66, 68). From these allegations, the Court can reasonably infer that Badillo engaged in statutorily protected activity adequate to state a claim for relief.

As for Defendants' second argument that Badillo failed to exhaust his administrative remedies, the Court agrees for the same reasons articulated in Section III.B, *supra*. Count III will therefore be dismissed in part to the extent it is based on a theory of retaliation that was not included in Badillo's administrative complaint.

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 5) is **GRANTED IN PART** and **DENIED IN PART**. Counts I and III are **DISMISSED IN PART** to the extent Plaintiff bases his claims on the allegation that Defendants forced him to take medical leave in January 2015. The motion is otherwise denied. Defendants have **fourteen (14) days** from the date of this Order to answer the remainder of Plaintiff's Complaint.

**DONE AND ORDERED** in Orlando, Florida on June 19, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

8